ABRAHAM STONE, plaintiff in error, *v.* MICHAEL FURRY.

THIS cafe was argued, at *July* term, 1793, by *Serjeant* and *Todd*, for the plaintiff, and by *Ingerfoll* and *Tilghman*, for the defendant in error.

The opinion of the court, delivered by the prefident, on the 17th of July, 1793, comprehended a ftate of the cafe and affirmed the judgment.

CHEW, PRESIDENT. An action on the cafe, brought in the court of Common Pleas of *Berks* county, by *Michael Furry* againft *Abraham Stone*, was removed by *habeas corpus*, into the Supreme court, of *April* term, 1784. The declaration had three counts.

1. The firft count was fpecial, and ftated, That, whereas *Furry* and one *Minich*, on 21ft *February*, 1775, had purchafed a plantation from one *Swan*, and, in part payment, had given ten bonds, each in the penalty of 100*l.* and, for the payment of 50*l.* in fucceffive years, at and from 1ft *May*, 1780; and whereas, on 10th *February*, 1777, in confideration that *Michael Furry*, at the requeft of *Abraham Stone*, had fold the faid plantation to *Abraham Stone*, and taken, in part payment, ten bonds on *Abraham Stone*, and *Peter Stone*, in the fame penalties, and conditioned for the fame payments, at the fame times, as fpecified in the bonds of *Furry* and *Minich* to

*Swan*, the faid *Abraham Stone* had affumed to the faid *Michael Furry*, that he would pay the bonds of *Furry* and *Minich* to *Swan*, and deliver them up to *Furry* at his houfe in *Tulpohaken* ; and whereas, on 10th *February*, 1780, the money being unpaid, *Abraham Stone*, in confideration, that *Furry* would receive of him the fum of 500l. in continental bills of credit, then current, in difcharge of his and *Peter Stone's* bonds, promifed to pay to *Furry* all fuch damages and lofs, as he fhould fuftain, by accepting the continental bills, in lieu of delivering up to *Furry* the bonds given by *Furry* and *Minich* to *Swan* ; thereupon, *Furry*, trufting to this promife made by *Abraham Stone*, afterwards, on the fame day, received the continental bills in difcharge of the obligations of *Abraham Stone* and *Peter Stone*, and in lieu of the obligations of *Furry* and *Minich*, which *Abraham Stone* had agreed to deliver up to *Furry* ; and that afterwards, on the fame day, *Furry* thereby fuftained damage 400l. whereof *Abraham Stone* had notice.

2. The fecond count is on a general *indebitatus affumfit*, for 400l. had and received by *Abraham Stone*, for the ufe of *Michael Furry*.

3. The third count is on a general *indebitatus affumfit*, for 400l. laid out and expended, by *Abraham Stone*, for the ufe of *Michael Furry*.

General damages are laid 500l.

This cafe was tried at *Nifi Prius*, 31ft *May*, 1792, when a verdict was given for the plaintiff for 678l. 13s. 2d. damages, and 6d. cofts. Judgment *nifi* was entered on this verdict, on the 1ft day of *September* term, 1792.—— And, in the fame term, on 14th *September*, 1792, a writ of error, regularly taken, according to law, out of this court, was prefented to the Supreme court, in behalf of 'the defendant in the Supreme court. Afterwards, on motion in behalf of *Furry*, the plaintiff in the Supreme court, there was a rule made by the Supreme court, that the defendant in that court, who is the plaintiff here, fhould fhew caufe, why 178l. 13s. 2d. part of the verdict, being the damages found exceeding the fum laid in the declaration, fhould not be remitted, *Furry*, the plaintiff in the Supreme court, paying the cofts of the writ of error, and of the rule. On argument of counfel on both fides, this rule was made abfolute on

*I 2*

1793.

15th *September*, 1792, in the fame term, and judgmen rendered for 500*l.* damages, and fixpence cofts, with 32*l.* 1*s.* 11*d.* cofts of increafe.

Error has been affigned, that the jury had affeffed damages 638*l.* 13*s.* 2*d.* when *Furry* had ftated in his declaration, that he had fuffered damages only to the amount of 500*l.* The general errors have been affigned, and, *in nullo eft erratum* pleaded.

The counfel for the plaintiff in error have made the following objections.

*Persival v. Spencer, Yelv. 45. 2 Bac. abr. 4, 5.*

1. After final judgment, writ of error, and fecurity to profecute, the Supreme court could not amend its record, by entering a *remittitur* of the furplus damages, and giving judgment only for the fum laid in the declaration: though this might have been done before judgment, and writ of error.

*Tender laws. Acts of Affembly from Jan. 1771, to June 1780,*

*1 Efp. 89. 92.*

2. The acts of Affembly making paper-money a legal tender, render it illegal to bargain for a premium for accepting a payment in fuch currency. No action will lie on a promife founded on an illegal confideration. The law made paper-money equivalent to coin; and if coin had been paid nothing farther could have been demanded on thefe bonds. And fupporting this action would open a door to a vaft flood of law-fuits, and countervail the tender laws.

*5 Vin. 175-9. 6 Vin. 44-6. 2 Vin. 348-55 4 Bac. 14. 1 Efp. 134. 5 Com. Dig. 43-4.*

3. This promife is to pay money due on a fpecialty, and no action of *affumfit* lies on fuch promife; for it will not bar an action on the fpecialty itfelf.

4. The declaration has four counts, for that, which appears as the firft count, is, in fact two; and there are only three averments of breach. The breach of this promife is ill laid. Averring generally, that he has fuffered damage is bad, without fhewing how; for it might have been *dammum fine injuria*, arifing by the default of *Furry* himfelf, and no fault in *Stone*. The promife was

*Doug. 654.*

to make good the damage; and there is no averment, that this is not done, but only, that *Stone* had notice.— True, this is after verdict; but in an action on a bill of exchange, after verdict, judgment was arrefted, becaufe no fufficient caufe of action was ftated. If this count

*Doug. 703. 4 Bac. 9.*

be bad, the verdict being general on all, no judgment can be given.

On thefe points we are of opinion :—

1. As to the first objection, the amendment being made during the term in which judgment was entered, there can be no doubt, but the Supreme court had full authority to make it. We think the amendment made on good grounds, necessary for expediting justice, and not to be controverted.

2. The second objection is sufficiently answered, by observing, that none of the debt was due, when the paper money was tendered. *Furry* was not *then* bound to accept it, and might, therefore, lawfully annex a condition to his acceptance; and this condition might be a good consideration for an *assumsit*, especially as it was only the fulfilment of a former promise, in consideration of which these bonds were accepted as payment. As to opening a door to law suits, few, if any, such express promises were made, or if made, they will now be barred by the statute of limitations; or if honest and valid, like this, they ought to be performed. The bonds alone were not taken in payment of the plantation; but the bonds and a promise. Payment of the bonds in specie, would not have discharged the promise also: relinquishment of performance of this was a good consideration of another promise.

3. This is not an action for the money due on the bonds, but an action on the promise to indemnify *Furry*, for accepting the paper money, instead of performance of a former promise, to discharge and deliver up the bonds in the hands of *Swan*. The bonds and promise might have both been sued on; and a suit on the one ought not to bar a suit on the other. If the one suit *ought* not to bar the other, the objection, that it *will* not, has no force.

4. No doubt, this declaration is very inartificial; and were a question on the first count before us, in the way of demurrer, we should have very little hesitation, to declare it bad, and give judgment for the defendant.—— But a defendant, who, knowing that a declaration is bad, lies by, and pleads the general issue, takes his chance of a jury trial, and obtaining the advantage of the disclosure of the plaintiff's testimony, comes forward, on grounds foreign to the merits, and of which he before had and omitted an opportunity of availing

*I 2*

1793.

French v.Cornely's, 1 Bla. 453. Pickwood v. Wright. H. Bla. 643. 2 Bac. 5.

1793.

himself, and defires another chance with a jury, is furely not to be favoured. The defendant might have demurred, or pleaded fo as to bring out a good affignment of a breach, and averment of damage. Since he has not done this, we will make every poffible conftruction, to fuftain the verdict.

*Collins verfus Gibbs,* 2 *Burr.* 899.

In an action on the cafe on *affumfit*, the plaintiff's declaration did not aver performance of a condition precedent ; and, therefore, after judgment by default, and writ of enquiry, defendant moved in arreft of judgment. Lord *Mansfield,* in delivering the refolution of the court, faid, that a motion in arreft of judgment by default, came before the court exactly as if it had been on demurrer ; and is not like the cafes of objections to judgments after verdict. The want of averment cannot be made good in this cafe ; and the true diftinction, as to fupplying fuch defects, is whether the objection be made after verdict or not.

We fay, therefore, that in this declaration, there are but three counts. The firft count ftates a promife, on a complex confideration, and damages arifing to the plaintiff, from his confidence in this promife. How thefe damages arofe, ought to have been ftated fpecially; but it is not. Averment of a failure to indemnify ought

2 *Wils.* 261.
3 *Wils.* 275.
*Cowp.* 826.
1 *Wils.* 172.
4 *Burr.* 2020
2 *Str.* 1011-2.
1 *T.Rep.* 145.
1 *Mod.* 42, 43.

to have been made; but it is not. But as a verdict, though it will not cure a defect of title appearing in the declaration, will cure a title defectively fet out ; as a promife, and damage arifing out of it to the promifee, are here ftated ; this lays, though imperfectly, a ground of action ; and all neceffary circumftances muft have been proved at the trial.

As we think, therefore, that the firft count, againft which only there are objections, is aided by the verdict; the laft objection falls to the ground.

Here then is a voluntary promife made by a debtor, in confideration, that a creditor would accept a payment of a debt not then due, in a currency depreciating, in a rapid progreffion, and, very foon afterwards, entirely extinguifhed. The damage of the receiver is manifeft; for, if the payments had been delayed (and *Furry* might have delayed them) till the times when they became due ; no paper money could have been tendered, but to the firft bond. This damage being ftated and proved

to have arifen from a binding promife made and broken, *1793.*
and not compenfated, a good ground of action is ftated
on the declaration, and proved at the trial. We, there-
fore, hold, that the declaration, imperfect as it is, is now
aided by the verdict; and we affirm the judgment given
by the Supreme court.